## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEON DAVIS, #B-40639, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 10-cv-1007-MJR |
| | ) | |
| LT. BEDINGER, SGT. PHIFLER, C/O | ) | |
| MITCHELL, OFFICER DAVIS, and | ) | |
| MICHAEL RANDLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Deon Davis, an inmate currently in Stateville Correctional Center, brings this

action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an

incident that occurred while Plaintiff was housed at Menard Correctional Center.  Plaintiff is

serving six consecutive ten-year sentences for aggravated criminal sexual assault, and four years

for possession of contraband in a penal institution.  This case is now before the Court for a

preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff alleges that on December 18, 2008, he was physically assaulted by Defendants Bedinger, Phifler, Mitchell and Davis, all of whom are correctional officers at the prison. At the time, Plaintiff was housed in the North One Protective Custody unit (NI-PC) in Menard. While Plaintiff was in line with other inmates going to the dining room, Defendant Davis called Plaintiff out of line and handcuffed Plaintiff's hands behind his back. Defendant Davis took Plaintiff back to the NI-PC, where they were met by Defendant Bedinger. Plaintiff asked why he

was being taken there, to which Defendant Bedinger responded, "Shut your black ass up!" and Defendant Davis yelled, "shut the fuck up tough guy!" (Doc. 1, p. 3-4).

Defendant Davis then ordered Plaintiff to face the wall, which he did. After about fifteen minutes of standing in this position, Plaintiff asked what he had done. Defendant Davis then said, "I thought I told you to shut the fuck up," and then punched Plaintiff on the back of his head and pushed Plaintiff's face into the concrete wall (Doc. 1, p. 4). The blows caused Plaintiff to lose consciousness. Defendants Davis, Bedinger, and Mitchell then repeatedly kicked and punched Plaintiff while he lay handcuffed on the floor, which woke him up. The three defendants yelled racial slurs at Plaintiff while they continued to beat him.

After this attack, Plaintiff was taken to North Two Segregation unit, where he reported the beating and his injuries to an unnamed nurse and an unnamed major.

Defendant Phifler then came onto the scene and took Plaintiff to a shower area, where he told Plaintiff to "Take them braids out of your hair or I'll show you what a real ass kicking is" (Doc. 1, p. 4). Plaintiff responded that he was still cuffed. Defendant Phifler said, "You should grow your hair like normal people," then removed Plaintiff's cuffs and struck Plaintiff across his face (Doc, 1, p. 4). At all times during these attacks, Plaintiff asserts he offered no resistance.

Plaintiff alleges that Defendant Bedinger, in addition to participating in the beating, was deliberately indifferent to Plaintiff's need for medical care for his injuries. Plaintiff was taken to the Health Care Unit soon after the attack, but was placed in an isolation room and was not examined, treated, or given any pain medication. Plaintiff then declared a hunger strike.

Plaintiff was seen the following day by Dr. Feinerman (who is not a defendant), but Defendant Bedinger was present during the examination. Defendant Bedinger "invaded

Plaintiff's medical privacy" by "extracting" the information from Dr. Feinerman that Plaintiff had a hip injury (Doc. 1, p. 6). Defendant Bedinger took Plaintiff to the x-ray room after the doctor ordered an x-ray, and threatened Plaintiff with "another ass kicking" if Plaintiff did not "keep [his] mouth shut to the medical staff" (Doc. 1, p. 6). Defendant Bedinger then "whispered to the x-ray nurse" while Plaintiff was being x-rayed, and only one x-ray was taken of Plaintiff's hip (Doc. 1, p. 6). Plaintiff was never given any further treatment or pain medication for his injuries, and blames Defendant Bedinger for the pain, injury and mental distress he suffered as a result of the lack of treatment.

Finally, Plaintiff seeks a preliminary injunction ordering Defendant Randle to provide Plaintiff with "incarceration free from an atmosphere of violence, tension and fear from attack" by his custodians, particularly the other Defendants. Plaintiff notes that soon after the attack described above, he was transferred to another prison on December 28, 2008, but was subsequently returned to Menard on an unspecified date. After his return to Menard, Plaintiff claims he was constantly harassed, retaliated against and threatened by Defendants Bedinger, Phifler, Mitchell and Davis. However, he does not give any specifics as to the alleged harassment, threats or retaliatory acts.

Several months after Plaintiff filed the instant complaint, he notified this Court that he had been transferred to Stateville Correctional Center (Doc. 10).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under §1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff asserts that Defendants Davis, Bedinger, Mitchell and Phifler used excessive force against him while he was handcuffed and offering no resistance. Before the beating, Plaintiff states he was merely in the lunch line and had not done anything that might have given the Defendants cause to use any force against him, let alone excessive force.

Whether the force used in this instance was de minimis or was an attempt to cause real harm is not yet capable of being determined. For this reason, the claim that Defendants Davis, Bedinger, Mitchell and Phifler unconstitutionally used excessive force against Plaintiff cannot be dismissed at this time.

**Count 2 - Battery**

Plaintiff also brings a state law claim for battery (Doc. 1, p. 3, ¶ 8) against Defendants Davis, Bedinger, Mitchell, and Phifler based on the same allegations that underlie his excessive force claim. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 Ill. Comp. Stat. 5/12–3(a)). The factual allegations in Plaintiff's complaint, at the pleadings stage, sufficiently outline intentional actions by each of the Defendants which at a minimum constituted insulting or provoking physical contact, and allegedly caused Plaintiff bodily harm. Accordingly, the Court finds that supplemental jurisdiction is proper over Plaintiff's battery claim against Defendants Davis, Bedinger, Mitchell and Phifler, and that this claim cannot be dismissed at this point in the litigation.

**Count 3 - Deliberate Indifference to Medical Needs**

Plaintiff names only Defendant Lieutenant Bedinger in reference to his claim for deliberate indifference to his medical needs following the beating (Doc. 1, p. 5).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Having claimed that he just sustained a beating at the hands of Defendant Bedinger and

others that involved painful kicks and punches, and which rendered Plaintiff temporarily unconscious, Plaintiff has sufficiently alleged that he had a serious medical need, and that Defendant Bedinger was aware of his condition and of the risk of serious harm to Plaintiff.

Although Defendant Bedinger is not a medical provider, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Davis*, 97 F.3d 914, 917 (7th Cir. 1996). Thus Defendant Bedinger, who participated in the assault and then allegedly interfered with Plaintiff's attempts to seek medical attention for his injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care. At this stage, it cannot be determined whether Defendant Bedinger's actions resulted in Plaintiff being denied medical care or otherwise constituted deliberate indifference to Plaintiff's serious medical needs. Therefore, this claim cannot be dismissed.

**Count 4 - Retaliation**

In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

Here, Plaintiff's complaint merely mentions, in connection with his request for an injunction, that he suffered retaliation at the hands of Defendants Davis, Bedinger, Mitchell and

Phifler. However, as Plaintiff has not identified either the reasons for the alleged retaliation, or the specific retaliatory acts committed by the Defendants, he has not stated a claim for retaliation upon which relief may be granted. Therefore, Plaintiff's retaliation claim, if indeed he meant to assert one, must be dismissed without prejudice.

**Pending Motions**

Plaintiff's complaint (Doc. 1) is prefaced with his Motion for Preliminary Injunction (Doc. 2, and Doc. 1 at p. 1-2), which seeks an order directing Defendant Michael Randle, the former Director of the Illinois Department of Corrections, to provide Plaintiff "with incarceration free from an atmosphere of tension, anxiety and violent attack from security staff at Menard Correctional Center" (Doc. 1, p. 1). Plaintiff does not explicitly request a transfer to another institution, but he in fact was moved to Stateville Correctional Center at some point after filing the instant complaint (*see* Doc. 10).

In considering whether to grant any injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). While Plaintiff's claims in Counts 1, 2 and 3 have sufficient merit to proceed beyond threshold review, now that Plaintiff has been

moved away from Menard Correctional Center, he can no longer show that he will suffer the irreparable harm he sought to prevent (another attack by Menard staff) if the injunction does not issue. Therefore, Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED AS MOOT**.

Defendant Randle is named in the complaint only in connection with the request for injunctive relief. Plaintiff makes no other allegations of wrongdoing against him in reference to the claims in Counts 1, 2, 3 or 4. Plaintiffs are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because the Motion for Preliminary Injunction is being denied, and because Plaintiff has not listed Defendant Randle elsewhere in his complaint, he has not adequately stated a claim against Defendant Randle, or put him on notice of any claims that Plaintiff may have against him. For this reason, Defendant Randle will be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT FOUR** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendant **RANDLE** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **BEDINGER, DAVIS, MITCHELL** and **PHIFLER** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge Williams for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 8/2/2011

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**
