IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–1007–MJR–SCW |
| | ) |
| LT. BEDINGER, | ) |
| JEFFREY MITCHELL, | ) |
| SERGEANT ROGER PELKER, and | ) |
| OFFICER RYAN DAVIS, | ) |
| | ) |
| Defendants. | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Deon Davis is an inmate in the custody of the Illinois Department of Corrections (IDOC), housed at Menard Correctional Center. In December 2010, Davis brought this civil action pursuant to 42 U.S.C. § 1983, alleging that guards at Menard twice violated his Eighth Amendment rights — once by attacking Davis, then again via deliberate indifference to the serious injuries Defendants inflicted upon him. Plaintiff also brings a state law claim for battery under the Court's supplemental jurisdiction. Now before the Court is Davis's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 48).[1]

Because he is classified as an escape risk, Davis is transferred to a different IDOC institution every year. Davis was recently transferred back to Menard, the site of his alleged beating. Davis asks the Court for an injunction requiring the IDOC Director "to institute a standing policy that would automatically stop the transferring of any inmate with listed enemies to a facility where

---

[1] The caption of Davis's motion indicates it is a motion for a temporary restraining order, but that is the only mention of that particular form of injunctive relief found in his motion. Davis did not, for example, offer specific facts in an affidavit showing how he would be harmed before Defendants could be heard in opposition. FED. R. CIV. P. 65(b). As such, Davis's motion is, in reality, only a motion for a preliminary injunction, and will be analyzed as such.

1

that enemy is being housed." Davis also asks to be transferred away from Menard during the pendency of this lawsuit, and for the Court to "order the Defendants to take the necessary measures to protect plaintiff from any and all acts of retaliation such as the writing of false disciplinary reports, confinement segregation without justification," etc. For the following reasons, Davis's Motion (Doc. 48) is **DENIED**.

1. Legal Standards

The purpose of a preliminary injunction is to preserve the *status quo* until the merits of a case can be resolved. *Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). *Accord Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"); *Girl Scouts of Manitou Cnty., Inc. v. Girl Scouts of USA, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it") (internal quotation marks omitted).

To secure a preliminary injunction, a movant must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants; and (4) the injunction is in the public interest. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge,* 612 F.3d at 546.

Success on the merits in this case will require Davis to show Defendants violated the Eighth Amendment in at least one of two ways. In his excessive force claim—in which he seeks only money damages (Doc. 1, p. 3)—Davis can succeed by showing Defendants inflicted "unnecessary and wanton" pain upon him.[2] *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). In his deliberate indifference claim, Davis will succeed on the merits if he eventually shows: (1) he had an objectively serious medical condition; and (2) Defendants' were deliberately indifferent to that condition. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

In the context of prisoner litigation, the Prison Litigation Reform Act (PLRA) imposes further restrictions on a courts' remedial power. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). *See also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted). *Accord Sandin v. Conner*, 515 U.S. 472, 482 (1995) (eschewing an approach that would lead to "the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone.").

2.   Analysis

The instant motion fails because Davis cannot demonstrate he is likely to suffer irreparable harm absent an injunction, and because the injunction he requests is overly broad. "Irreparable" in the injunction context means not rectifiable by the entry of a final judgment. *Walgreen Co. v. Sara Creek Prop. Co.*, 966 F.2d 273, 275 (7th Cir. 1992). As noted above, Davis's

---

[2] Establishing the factual basis for his supplementary state battery claim will require Davis to make substantially the same showing on that claim as he must make on his excessive force claim.

instant lawsuit is for money damages, which (if he proves his claims to a jury) will compensate him for the harm he suffered. In other words, Davis has an adequate remedy at law, and the equitable remedy of an injunction is unnecessary to preserve the *status quo* until the final disposition of this case. *See Vencor, Inc. v. Webb*, 33 F.3d 840, 845 (7th Cir. 1994).

Of course, Davis need not wait until he suffers harm to seek an injunction. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) ("[O]ne does not have to await the consummation of a threatened injury to obtain preventative relief.") (internal citations omitted). However, a party seeking an injunction must show that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). *See E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704 (7th Cir. 2005) ("Not every conceivable injury entitles a litigant to a preliminary injunction. For example, speculative injuries do not justify this extraordinary remedy."). In *Winter*, the Supreme Court rejected the Ninth Circuit's standard requiring merely a possibility (rather than a likelihood) of irreparable harm to warrant injunctive relief. *Id.* The Court reasoned that a preliminary injunction "based only on a possibility of irreparable harm is inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

The Court cannot grant an injunction unless Mr. Davis carries the burden of persuasion by a clear showing. *Mazurek*, 520 U.S. at 972. He has failed to do so. Davis asks the Court to grant the extraordinary remedy of a preliminary injunction based on his *belief* that he is in imminent danger from high-ranking officials at Menard (Doc. 48 ¶ 5) — not on any particular statement by a defendant, incident, or other fact. Indeed, in a reply to Defendants' instant brief, Davis filed twenty-eight pages of argument and exhibits with no mention of any specific threat to his safety. In light of the wide berth given to prison officials in the day-to-day administration of

4

prisons, and the PLRA's requirement that injunctive relief be narrowly drawn, an IDOC-wide injunction barring prisoner transfers to institutions where they have listed enemies is beyond this Court's purview. Nor can the Court order Davis transferred (or issue an injunction broadly forbidding future mistreatment) based on his unsubstantiated belief that he is in danger.

      3.    <u>Conclusion</u>

Mr. Davis' Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 48) is therefore **DENIED** in all respects.

    **IT IS SO ORDERED**.

    **DATE:  January 11, 2013**

                        <u>s/ Michael J. Reagan</u>
                        **MICHAEL J. REAGAN**
                        **UNITED STATES DISTRICT JUDGE**